Johnson, O. J.
Is the son William entitled to share in the surplus ?
*352 This is to be determined by ascertaining the testator’s intention, as expressed in the terms of the will, as the court is unaided by extraneous or surrounding circumstances.
The will disposes of the entire estate. By item 10 it is provided that: “ If my estate, after paying all my just debts, should not amount to the above bequests, the deficiency shall come off each in proportion to their bequest, except William, JYoah’s children and widow, Elijah’s widow, cmd Charles Riley’s child and widow.” “ And if my estate amount to more than the above bequests, surplus shall be divided and given to each in proportion to their bequests, except Noah’s widow and children, Elijah’s widow and Charles Riley’s child and widow, whose bequests shall not be altered.” By excepting William from sharing any part of the deficiency, if there should be one, the testator gave to the term “ each in proportion to their bequest,” a definite meaning, not limited to those receiving money bequests, but embracing William as well as the others named. Again, in the same connection, provision is made in case of a surplus. It is then provided that such surplus shall be divided and given “ to each in proportion to their bequest,” except the same widows and children, but not excepting William. This express exception of his name in case of a deficiency in connection with others named, and the omission of his name in the exception where there is a surplus means something. We are not at liberty to ignore or construe away these words, “except William,” in construing the clause under consideration. The phrase, “ each in proportion to their bequests,” has the same meaning in each clause. It is said, however, that this phrase does not include William, because no “ bequest ” in its legal sense was given him by the will. Item 2 reads: “ I give and bequeath ' to my son William (61 83-100) sixty-ono eighty-three-hundredtlis acres of land for which I have given him a deed already.”
The phrase “ give and bequeath” when applied to land, is sufficient to pass real estate, though “ give and devise ” would be technically more accurate. This item clearly shows an intention to devise the land mentioned, though he uses the *353 words “ give and bequeath.” It is said, however, that as. the testator had already given William a deed for this land, nothing passed by this item, and therefore William was not included in the phrase “ each in proportion to their bequest,” in the 10 item.
The meaning of this phrase is to be ascertained by finding out what the testator intended by using it, and not what it may in legal effect mean. It is evident by devising this land to William, the testator, for the purposes of his will, regarded it as part of the estate to be divided. It had been part of his estate, doubtless accumulated by him, and intended for the very purpose for which- it was' used. He anticipated his wall, by giving a deed of it to William, and still, in his mind, it was a part of his estate, for making a distribution among the objects of his bounty. To each of his family he gave something and as he had already made a deed to William for this land, in the nature perhaps of an advancement, he names it in item 2, as a specific devise to him, thus ratifying his deed of gift. This is followed by money bequests to each of the other brothers and sisters, and the widows and children of deceased sons. So far, the will has remembered all, but if there should be a deficiency, that is, if after payment of his just debts, his estate, “ should not amount to the above bequests,’ ’ (and he had called the devise of land in item 2 a bequest) then the deficiency should come off of each in proportion to their bequest, except William, etc. And if it amounted to more, the surplus to be divided to each in proportion to their bequests, not excepting W illiam. In the testator’s mind he was one of the persons entitled to some part of the surplus if “ the above bequests,” do not exhaust the estate.
If we concede that item 2 made neither a bequest or devise to William, as a matter of law, yet it is too clear for argument that the testator so regarded it, when he expressly provided that he should suffer no abatement of his share, and as if to emphasize this evident case for William, he does not except him in case of a surplus. It is said this construction will lead to gross inequality. This is on the assumption that *354 the land is of greater value than the money legacies to the others.
What the land is worth does not appear. Neither do we know how much had been given to the other children already, nor that there were not facts in the family history, inducing the testator to favor William. When he takes especial care to except him from sharing a deficiency and does not exclude him from sharing a surplus, we may assume the testator had good reason for his action.
Whether the widow, if living, is entitled to share in this surplus, or whether William’s proportion is to be ascertained from the value of the land at date of his deed, the date of the will, or death of the testator, are questions suggested in argument, but do not arise upon the record.

Judgment reversed.

Doyle, J., dissented.